UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

DANNY LOVE,

    Plaintiff,

v.

                                        Case No. 12-12630

                                        Hon. John Corbett O'Meara

PNC BANK, NA, *et al.,*

    Defendants.

_____/

**OPINION AND ORDER GRANTING
DEFENDANTS' MOTION FOR SUMMARY JUDGMENT**

Before the court is Defendants' motion for summary judgment, filed March 6, 2013. This matter has been fully briefed; the court heard oral argument on May 2, 2013. For the reasons explained below, Defendants' motion is granted.

**BACKGROUND FACTS**

This is a mortgage foreclosure case involving property located at 20461 Lauder, Detroit, Michigan. Plaintiff Danny Love obtained a loan in 2003 from National City Bank; the loan was secured by a mortgage on the property. Both the note and the mortgage were assigned to the Federal National Mortgage Association (Fannie Mae) on August 14, 2003. National City apparently remained the loan servicer; Defendant PNC Bank is the successor by merger to National City.

Plaintiff defaulted on his loan in 2010. PNC approved Plaintiff for a loan modification on September 22, 2010; and the parties entered into a loan modification agreement on September 23, 2010. Shortly thereafter, however, Plaintiff went into default under the modification agreement. Between June 2011 and August 2011, PNC evaluated Plaintiff for another loan

modification, but denied the application for "lack of information."

On August 10, 2011, PNC notified Plaintiff that his loan had been referred to Orlans Associates, P.C., with instructions to proceed with foreclosure.  Orlans Associates provided Plaintiff with a notice of foreclosure on September 26, 2011.  Meanwhile, PNC evaluated Plaintiff again for a loan modification, but denied the request on October 28, 2011, because of insufficient income.

PNC foreclosed on the mortgage on November 23, 2011.  Fannie Mae purchased the property at the sheriff's sale.  The redemption period expired on May 23, 2012.  On May 22, 2012, Plaintiff filed this action to quiet title and for other relief.

## LAW AND ANALYSIS

Plaintiff alleges several counts in his complaint: (1) quiet title; (2) unjust enrichment; (3) violation of M.C.L. 600.3205c (loan modification statute); (4) deceptive act/unfair practice; and (5) injunctive relief.  Defendant contends that summary judgment should be granted in its favor because Plaintiff's claims are barred by res judicata and because M.C.L. 600.3205c does not apply.

It is undisputed, however, that the redemption period has expired.  Once the redemption period has expired, a plaintiff is generally barred from challenging the foreclosure sale.  See e.g., Overton v. Mortgage Elec. Reg. Sys., 2009 WL 1507342 (Mich. App. May 28, 2009) ("Once the redemption period expired, all of plaintiff's rights in and title to the property were extinguished."); Moriarty v. BNC Mortgage, Inc., 2010 WL 5173830 (E.D. Mich. Dec. 10, 2010) (Duggan, J.) (finding that after the redemption period expired, plaintiff lacked standing to challenge the foreclosure/sheriff's sale); Luster v. MERS, Inc., 2012 WL 124967 at *2 (E.D.

Mich. Jan. 17, 2012) (Rosen, C.J.) (noting that Michigan law "bar[s] former owners from making any claims with respect to foreclosed property after the end of the redemption period").

In order to overcome this hurdle and toll the redemption period, Plaintiff must demonstrate fraud or irregularity in connection with the foreclosure sale. "The law in Michigan does not allow an equitable extension of the period to redeem from a statutory foreclosure sale in connection with a mortgage foreclosed by advertisement and posting of notice in the absence of a clear showing of fraud, or irregularity." Overton, 2009 WL 1507342 at *1 (citation omitted). See also Sweet Air Investment, Inc. v. Kenney, 275 Mich. App. 492, 497 (2007) ("[I]t would require a strong case of fraud or irregularity, or some peculiar exigency, to warrant setting a foreclosure sale aside."). "The purported defect must be in the sale process itself." Pettey v. Citimortgage, Inc., 2012 WL 3600342 at *6 (E.D. Mich. Aug. 21, 2012) (citation omitted).

Plaintiff has not alleged fraud with respect to the foreclosure sale here. Rather, Plaintiff alleges, without factual support, that "the manner in which the foreclosure was handled violated M.C.L. 600.3204." Plaintiff suggests that such a violation "voids the foreclosure resulting in a redemption period that never began." Pl.'s Br. at 8. For this proposition, Plaintiff relies upon Mitan v. Federal Home Loan Mortg. Corp., 703 F.3d 949 (6th Cir. 2012), which has been abrogated by Kim v. JPMorgan Chase Bank, N.A., 493 Mich. 98 (2012).[1] See also Acheampong v. Bank of New York Mellon, 2013 WL 173472 (E.D. Mich. Jan. 16, 2013) (Cohn, J.). Kim makes clear that, under Michigan law, "failure to comply with the conditions set forth in Michigan's foreclosure-by-advertisement statute does not render flawed foreclosures void (i.e.,

---

[1] At the hearing, Plaintiff also cited Roller v. Federal Nat'l Mortg. Ass'n, 2012 WL 5828625 (E.D. Mich. Jun. 4, 2012). Roller was decided prior to Kim and Conlin, which control here.

void *ab initio* ) but merely voidable." Conlin v. MERS, — F.3d — , 2013 WL 1442263 (6th Cir. Apr. 10, 2013).

"In order for foreclosure defects under M.C.L. 600.3204 to be actionable to set aside the foreclosure sale, plaintiffs must show that they were prejudiced by defendant's failure to comply with M.C.L. 600.3204. To demonstrate such prejudice, they must show that they would have been in a better position to preserve their interest in the property absent defendant's noncompliance with the statute." Kim, 493 Mich. at 337. The same showing of prejudice must be made where a plaintiff is alleging a violation of the loan modification statute, M.C.L. 600.3205c. Acheampong, 2013 WL 173472 at *7-8 ("[A] violation of the loan modification statute, standing alone, is not enough to show fraud or irregularity."). Plaintiff has not attempted to make a showing of prejudice here.

Because Plaintiff is unable to overcome the expiration of the redemption period, the court will grant Defendants' motion for summary judgment and dismiss Plaintiff's complaint in its entirety.

## ORDER

IT IS HEREBY ORDERED that Defendants' motion for summary judgment is GRANTED.

s/John Corbett O'Meara
United States District Judge

Date: May 17, 2013

-4-

  I hereby certify that a copy of the foregoing document was served upon counsel of record on this date, May 17, 2013, using the ECF system.

                <u>s/William Barkholz</u>
                Case Manager